*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* BARTLETT, Minors.

UNPUBLISHED
April 27, 2023

No. 363351
Genesee Circuit Court
Family Division
LC No. 19-136345-NA

Before: O'BRIEN, P.J., and MURRAY and LETICA, JJ.

PER CURIAM.

Respondent appeals as of right the trial court's order terminating her parental rights to the children XB, KB, and BB under MCL 712A.19b(3)(c)(*i*) (conditions that led to adjudication continue to exist), (g) (failure to provide proper care and custody), and (j) (reasonable likelihood of harm if returned to parent).[1] Respondent argues on appeal that the trial court erred by terminating her parental rights because the Department of Health and Human Services (DHHS) failed to engage in reasonable efforts toward reunification, the statutory grounds for termination were not established by clear and convincing evidence, and it was not in the children's best interests to terminate her parental rights. We reverse the trial court's order terminating respondent's parental rights and remand for further proceedings consistent with this opinion because DHHS failed to engage in reasonable efforts toward reunification.

## I. FACTS AND PROCEDURAL HISTORY

The child protective proceedings began in October 2019 when DHHS filed a petition seeking jurisdiction over XB and KB, naming their father as a respondent. In January 2021, DHHS filed additional petitions also naming respondent-mother as a respondent, and adding respondent's third child, BB, to the petition. These petitions alleged that it was contrary to the welfare of the children to remain in the home because of respondent's substance abuse, domestic violence

---

[1] XB and KB's father was originally a respondent in these proceedings, but his case was closed, and XB and KB were returned to his care at the end of the trial court proceedings. BB's father was not identified.

between respondent and her live-in partner, and possible sexual abuse of one of the children by respondent's live-in partner.

Respondent pleaded to jurisdiction, and the trial court ordered respondent to follow her case service plan, which required that she attend parenting classes and show a benefit from them, attend substance abuse treatment, submit to random drug screens, participate in the parent partner program, complete a psychological evaluation and follow recommendations from it, obtain and maintain a legal source of income and provide verification of this, obtain and maintain appropriate housing, attend domestic violence educational programming, sign all necessary releases, and maintain contact with DHHS. Respondent was referred to various services throughout the trial court proceedings, but was not provided with mental health services or referrals. Respondent's attorney requested that referrals be made several times during the termination hearings, and objected to a goal change from reunification to adoption because of this lack of services. Although respondent stated she was engaged in mental health services during one review hearing, no additional information regarding her participation in these services was mentioned in the entire trial court record, and DHHS did not follow up to see whether she was actually participating in these services or needed additional referrals. The trial court did not act upon these requests and changed the goal to adoption, and DHHS filed a supplemental petition requesting that the trial court terminate respondent's parental rights to the three children.[2]

At respondent's termination hearing, the DHHS caseworker testified that respondent had failed to rectify her substance abuse and domestic violence issues, and had tested positive for methamphetamine eight days before the termination hearing. In addition, respondent failed to follow the recommendations from her psychological evaluation, although the caseworker admitted that referrals for a neurological evaluation and a psychiatric evaluation were never made, and she could not remember whether she made a referral for individual therapy.

The psychologist who had performed respondent's psychological evaluation also testified at the termination hearing. He testified that respondent had several cognitive deficiencies, which could be caused by brain damage, a head injury, a condition she was born with, a seizure, or substance abuse. These cognitive difficulties were making it difficult for respondent to parent effectively. As a result, he recommended that respondent obtain a psychiatric evaluation to determine whether she needs medication, a neurological evaluation to determine whether she had any organic brain problems or brain damage, and that she attend individual counseling.

In addition, the children's guardian ad litem (GAL) asserted at the hearing that the trial court should not terminate respondent's parental rights because she did not believe DHHS had offered respondent and the family enough services. The GAL argued that the trial court could not appropriately ascertain whether respondent had rectified the conditions that led to the trial court obtaining jurisdiction; there was not enough evidence to determine whether respondent was provided with sufficient services because no psychiatric and neurological evaluations were performed. Even though DHHS had indeed provided services to respondent for her substance

_____

[2] This supplemental petition also requested that the trial court terminate XB and KB's father's parental rights, but DHHS later withdrew this request.

abuse issues, the GAL argued that it was unclear whether adequate services were provided to address her substance abuse issues because it was unclear whether these issues were caused by an underlying mental health problem that was not discovered given that psychiatric and neurological evaluations were not performed. In addition, the GAL argued that DHHS's refusal to provide respondent with bus passes unless she asked for them, its refusal to provide respondent with referrals for individual mental health, and its refusal to provide referrals for family counseling amounted to a failure to provide services. Respondent reiterated the GAL's arguments during closing arguments.

The trial court found that DHHS had made reasonable efforts to reunify the family, that the statutory grounds for termination under MCL 712A.19b(3)(c)(*i*), (g), and (j) were met, and that it was in the children's best interests to terminate respondent's parental rights.

## II. REASONABLE EFFORTS

Respondent argues that DHHS failed to provide reasonable efforts to reunite her with her children because DHHS failed to provide referrals for mental health services recommended after her psychological evaluation, which she was required to follow according to her case service plan. In addition, respondent argues that had DHHS offered these mental health services and provided these referrals, respondent could have addressed her mental health and substance abuse issues and demonstrated her ability to effectively parent.

This Court reviews for clear error a trial court's factual finding that a petitioner made reasonable efforts to reunify a respondent with their child. *In re Atchley*, ___ Mich App ___, ___; ___ NW2d ___ (2022) (Docket Nos. 358502, 358503); slip op at 3. A finding is clearly erroneous, even if there is evidence to support it, if this Court is left with a definite and firm conviction that a mistake has been made. *In re Smith*, 324 Mich App 28, 43; 919 NW2d 427 (2018).

Except under aggravating circumstances not present here, DHHS has an affirmative duty to make reasonable efforts to reunify a family before terminating parental rights. *In re Hicks/Brown*, 500 Mich 79, 85; 893 NW2d 637 (2017), citing MCL 712A.18f(3)(b) and (c); MCL 712A.19a(2). "Reasonable efforts to reunify the child and family must be made in *all* cases except those involving aggravated circumstances." *In re Mason*, 486 Mich 142, 152; 786 NW2d 747 (2010), quoting MCL 712A.19a(2) (quotation marks omitted). This requires that DHHS "create a service plan outlining the steps that both it and the parent will take to rectify the issues that led to court involvement and to achieve reunification." *Hicks/Brown*, 500 Mich at 85-86. DHHS and the trial court must ensure that a parent has a "meaningful opportunity to comply with a case service plan." *Mason*, 486 Mich at 169. If DHHS fails to make reasonable efforts, termination of parental rights will be premature. *Id*. In order to demonstrate that DHHS did not make reasonable efforts to reunify the family, respondent must show that she would have fared better if DHHS had offered other services. See *In re Fried*, 266 Mich App 535, 543; 702 NW2d 192 (2005). Respondent must also identify the services that DHHS should have provided to accommodate her specific needs. See *In re Sanborn*, 337 Mich App 252, 266; 976 NW2d 44 (2021).

In finding that DHHS made reasonable efforts to reunite respondent with her children, the trial court placed a considerable amount of weight on the fact that DHHS was never found to be in non-compliance at any prior hearing, noting that "[t]here was never a finding by a Referee that

-3-

there was a refusal to comply by the Agency with a court order," and "[t]he Agency was never found to be in non-compliance at any prior hearing with again the matter pending before the Court for eighteen months." The trial court concluded that respondent's argument that she was not provided services failed because DHHS provided her services to address her substance abuse and domestic violence issues, and she failed to participate in or benefit from these services and these issues still existed at the time of the termination hearing. However, the trial court did not address DHHS's failure to provide referrals for mental health services and did not consider whether DHHS's efforts to address respondent's mental health issues were sufficient. Further, the trial court, the referees, and DHHS failed to address respondent's requests throughout the trial court proceeding for mental health treatment.

The trial court record does not demonstrate that respondent was provided with referrals to follow the recommendations from her psychological evaluation, or to obtain mental health treatment. Respondent's attorney objected on two separate occasions to DHHS's lack of provision of referrals for mental health services, and informed the trial court that respondent wanted to participate in both individual and family therapy. Despite these objections, the record does not reflect that DHHS provided respondent with any referrals for a psychiatric evaluation, a neurological evaluation, or mental health services. Further, during respondent's termination hearing, respondent's caseworker testified that respondent did not follow the recommendations from her psychological evaluation, but admitted that she never gave respondent a referral for either a psychiatric evaluation or a neurological evaluation and could not remember whether she gave her a referral for individual therapy. Respondent's caseworker also did not provide respondent with referrals for individual or family counseling, even though respondent directly asked for therapy referrals twice.

DHHS failed to make reasonable efforts to reunite respondent and her children because it failed to provide respondent with referrals or assistance to follow the recommendations of her psychological evaluation, including obtaining a psychiatric evaluation, a neurological evaluation, and individual therapy. The psychologist who completed respondent's psychological evaluation indicated that these additional evaluations were necessary to determine whether the deficits indicated in her psychological evaluation, which could affect her ability to parent, were caused by her substance abuse issues or a brain injury. Without these evaluations, it could not be determined whether respondent needed treatment and what treatment was necessary, and respondent was unable to receive treatment, which could have helped her resolve her substance abuse issues or improve her parenting skills. In addition, respondent's requests to obtain mental health therapy were ignored, and this therapy could have helped her address her cognitive deficits and her ability to parent. Although respondent indicated during a review hearing that she had received mental health services, this was not mentioned during the termination hearing, and no additional evidence regarding whether she was receiving *individual* therapy was presented. As a result, DHHS's failure to provide respondent with these services prevented her from having a "meaningful opportunity to comply with a case service plan." *Mason*, 486 Mich at 169.

Respondent also demonstrated that had DHHS made reasonable efforts to reunify the family by providing her with referrals for a psychiatric evaluation, a neurological evaluation, and therapy, she would have fared better. See *Fried*, 266 Mich App at 543. Because respondent's cognitive deficiencies could have been treated through medication or additional mental health services, had respondent received referrals for a neurological evaluation, a psychiatric evaluation,

-4-

and therapy, she could have received additional treatment that may have resolved or decreased these deficiencies, which in turn could have allowed her to more effectively address her substance abuse issues and allow her to parent effectively. Therefore, because respondent identified the services that DHHS should have provided to accommodate her needs, *Sanborn*, 337 Mich App at 266, and demonstrated that she would have fared better if DHHS had offered these services, respondent has established that DHHS did not make reasonable efforts to reunify the family, *Fried*, 266 Mich App at 543.[3]

Reverse and remanded for proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Colleen A. O'Brien
/s/ Christopher M. Murray
/s/ Anica Letica

---

[3] Because we conclude that the trial court failed to make reasonable efforts to reunite respondent and the children, we decline to address respondent's additional challenges to the trial court's determinations regarding the statutory grounds for termination and the children's best interests.